## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RUSTY R. STAMPER**

     Plaintiff,

vs.                              **Case No. 8:05-CV-1909-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**

     Defendant.

_____ /


### FINAL ORDER

     Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and disability benefits under the Act.[1]

     The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Dkt. 14).

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). This court may not "decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]"; therefore, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If the Commissioner committed an error of law, this court must remand the case to the Commissioner for application of the correct legal standard. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff filed an application for disability insurance benefits on May 6, 2003, alleging an onset of disability on December 1, 2002, attributed to emphysema, chronic obstructive pulmonary disease (COPD), gastroesophageal reflux disease (GERD),

glaucoma and carpal tunnel syndrome. (T 43, 52A)  At the time of the ALJ's decision, Plaintiff was a forty-seven year old individual with a ninth grade education and had relevant past work experience as a chip spinner at a brass factory. (T 11)  Following a hearing, the ALJ denied Plaintiff's claim in a hearing decision dated July 20, 2005. (T 19)  The Appeals Council denied Plaintiff's request for review on August 31, 2005. (T 4)

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2002. (T 12)  The ALJ also determined that Plaintiff's depression, GERD, irritable bowel syndrome ("IBS"), arthritis, carpal tunnel syndrome and glaucoma were non-severe impairments. (T 13)  The ALJ concluded that while Plaintiff's COPD and back disorder were severe impairments they did not meet or medically equal any listed impairment. (T 13)  The ALJ then found that Plaintiff retained the residual functioning capacity (RFC) to perform light work and concluded that Plaintiff was prevented from performing his past relevant work because its exertional capacity exceeded his RFC. (T 14, 17)  However, the ALJ ultimately decided that under Medical Vocational Rule 202.18, Plaintiff's exertional capacity for light work, age, education, and work experience directed a finding of "not disabled." (T 18) Upon finding that Plaintiff was not under a disability as defined in the Act, the ALJ denied his claim for disability benefits. (T 19)

3

Plaintiff argues that the ALJ erred by (1) finding that Plaintiff's condition of IBS was not severe (Dkt. 20 at 5); (2) failing to properly apply the Eleventh Circuit pain standard to Plaintiff's complaints of IBS and chronic headaches (Dkt. 20 at 5, 7); and (3) failing to obtain vocational expert testimony (Dkt. 20 at 8).

For the reasons discussed below, the ALJ's finding that Plaintiff's IBS was not severe is affirmed, and the court finds that the ALJ did apply the appropriate pain standard to Plaintiff's complaints of IBS. However, because the ALJ erred in failing to evaluate Plaintiff's subjective testimony regarding headaches under the appropriate standard, this case is remanded.

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.**  Plaintiff claims that the ALJ erred by finding that Plaintiff's condition of IBS was not severe.  More specifically, Plaintiff argues that the ALJ's findings concerning his gastrointestinal complaints were not supported by substantial evidence.  Defendant contends that the ALJ's findings are supported by substantial evidence and that Plaintiff failed to meet his burden of proving that his IBS was a severe impairment such that application of the grids was improper.

An impairment can be found non-severe under the Act "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Id. at 920.  The severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, not simply in terms of deviation from medical standards of normality.  McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).  Thus, the question before the court is whether the evidence of record in this case provides substantial evidence—more than a scintilla, but less than a preponderance—for the ALJ's finding that Plaintiff's IBS is a slight abnormality with minimal effects on his ability to work.

The record in this case does contain substantial medical evidence to support the ALJ's conclusion that Plaintiff's IBS is nonsevere.  Plaintiff did not allege IBS as a limiting medical condition when he filed his disability application on May 6, 2003. (T 52)  Further, physicians' notes show that Plaintiff was "being worked up for some sort of GI dysmotility" on October 24, 2000, received treatment for diarrhea on February 6, 2001, and received treatment for abdominal cramps and colon spasms on February 27, 2001. (T 119, 96-98)  However, all of these dates are considerably earlier than Plaintiff's claimed disability onset date of December 1, 2002.  In addition, notes from February 27, 2001 state that

Plaintiff's diarrhea had resolved and medical records from both February 6, 2001 and February 27, 2001 specifically "rule-out" IBS. (T 96-98) In 2003, Plaintiff alleged a <u>past</u> history of IBS (T 164, 260).  Moreover, in 2003, Plaintiff denied any history of nausea, vomiting, diarrhea, dysphagia, or odynophagia. (T 165)  His medical records in 2003 and 2004 indicate "no change in bowel habits, rectal bleeding, no bright red blood per rectum or gastritis at this time," and no complaints of gastrointestinal problems. (T 165, 175, 271-275)

While Plaintiff argues that the ALJ erred in failing to consider his weight loss[2] as a symptom of continuing diarrhea episodes, the Plaintiff himself testified that his weight loss was probably due to "nerves." (T 295)  Finally, no medical evidence was presented to show that Plaintiff's symptoms affected his ability to work.

**B.**  Plaintiff also asserts that the ALJ improperly applied the Eleventh Circuit pain standard as to Plaintiff's complaints of IBS and headaches.  Under this pain standard, a plaintiff's subjective pain testimony will be considered if he presents (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain or (3) evidence that the condition is so severe that it can be reasonably expected to

---

[2] Medical records from February 24, 2003 show Plaintiff's weight as 219 pounds. (T 274)  At the hearing on June 15, 2005 Plaintiff testified that he weighed 187 pounds. (T 294)

cause the alleged pain. <u>Foote v. Chater</u>, 67 F.3d 1553, 1560 (11th Cir. 1995).

A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court. <u>Id.</u> at 1562. A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. <u>Id.</u> The requirement of an explicit finding does not require a verbatim recitation of the pain standard; the ALJ need only make findings that indicate that the proper standard was utilized. <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1236 (11th Cir. 1991).

The ALJ properly applied the pain standard with regards to Plaintiff's IBS. The ALJ noted that Plaintiff testified that he was diagnosed with IBS in 2001. (T 13) The ALJ ultimately concluded, however, that there was "no medical evidence of diarrhea or any excessive need to use the bathroom," that Plaintiff's diarrhea had resolved prior to his claimed disability onset date, and that there were no records of diarrhea, constipation, nausea, or vomiting during the period in question. (T 13) For these reasons, the ALJ found that claimant's allegations with respect to his limitations were not "totally credible." (T 18)

The ALJ's conclusion addresses the second and third prongs of the pain standard: there was no objective medical evidence confirming the severity of the Plaintiff's alleged pain and no

evidence was presented to prove that the condition was so severe that it could be reasonably expected to cause the alleged pain.  As discussed earlier, the ALJ's conclusion with regards to Plaintiff's IBS is supported by substantial medical evidence.

The ALJ did, however, fail to properly apply the Eleventh Circuit pain standard to Plaintiff's headache complaints.  When subjective complaints of pain are present in the record, the ALJ is bound to apply the Eleventh Circuit pain standard. Foote, 67 F.3d at 1560.  If the ALJ's findings do not make clear that the proper standard has been applied, then the case must be remanded. Wiggins v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982).

While Plaintiff did not allege headaches in his disability report (T 52A), Plaintiff did testify at the hearing on June 15, 2005 that he experiences headaches about once a week, that they usually last for about a day or two, and that they are sometimes "real bad." (T 289)  Plaintiff did not testify as to if or how the headaches affected his activities.  Additionally, a series of medical notes by Mark L. Ritch, D.O. ("Dr. Ritch"), ranging in date from March 5, 2001 to August 28, 2001 discuss Plaintiff's headache complaints, but do not discuss the effect of these headaches on Plaintiff's activities. (T 113-116) The last of Dr. Ritch's notes dated August 28, 2001 show that Plaintiff's headache problems had improved. (T 113)  Later, on January 13, 2003, a pulmonary consultation report with John A. Masson, Jr., M.D. shows that

Plaintiff denied any unusual headache problems. (T 165) When Plaintiff was examined in July 2003, he complained of occasional headaches, approximately on a weekly basis. (T 175)

Despite Plaintiff's testimony and the evidence in the record, the ALJ failed to mention Plaintiff's headaches in his decision. It appears as though the ALJ discredited Plaintiff's testimony of headaches, but failed to offer a reason for doing so.

Defendant argues that the medical record lacks evidence of Plaintiff's headache claims; this argument is without merit as it is incumbent on the ALJ to weigh a claimant's subjective complaints of pain in light of the record under the proper legal standard. Therefore, the court remands this case to the ALJ with to evaluate Plaintiff's headache complaints pursuant to the Eleventh Circuit pain standard.

C. Plaintiff asserts that the ALJ failed to obtain vocational expert ("VE") testimony despite the presence of the significant nonexertional impairments of chronic headaches, gastrointestinal problems, breathing disorders, and postural limitations. If remand is required on some of the issues raised in the case, it may be unnecessary to review other objections to the ALJ's conclusion. See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991). Thus, it is unnecessary to address Plaintiff's argument regarding these issues.

**CONCLUSION**

While concluding that remand for further fact-finding is necessary due to errors of law at the administrative level regarding Plaintiff's subjective complaints of headaches, this court expresses no view as to what the outcome of the proceedings should be.  At the reopened hearing, each party should have the opportunity to submit additional evidence.

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

(1)   The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings and consideration consistent with the foregoing; and

(2)   The Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand."  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-303 (1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-780 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida this 17th day of October 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

10